UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEBRA E. BLOOMFIELD, an individual; and KIRMAN COURT APARTMENTS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>SABLES, LLC, a Limited Liability Company; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3, a national association; and DOES 1 through 10,<br><br>Defendants. | Case No. 3:16-cv-00515-MMD-VPC<br><br>ORDER |

**I.  SUMMARY**

Pending before the Court is Defendants' Motion for Summary Judgment ("Motion") (ECF No. 20) and Plaintiffs' Motion for Temporary Restraining Order ("TRO Motion") (ECF No. 24). After review of Plaintiffs' response to Defendants' Motion (ECF No. 22),[1] the Motion is granted, and the TRO Motion is denied as moot.

**II.  BACKGROUND**

Plaintiffs Debra E. Bloomfield and Kirman Court Apartments, LLC, initiated this action on August 26, 2016, in the Second Judicial District Court for Clark County, Nevada. (ECF No. 1 at 1, 7.) Defendants Sables, LLC ("Sables"), and U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-

---

[1]Defendants did not file a reply in support of their Motion.

Through Certificates, Series 2003-3 ("U.S. Bank") removed the case on August 31, 2016, on the basis of diversity jurisdiction. (ECF No. 1 at 1-4.) The following facts are taken from the complaint except as noted.

Plaintiffs are owners of real property located at 1830 Kirman Avenue in Reno, Nevada ("the Property"). (ECF No. 1 ¶ 1.) On April 16, 2007, Bloomfield obtained a $1,450,000 commercial loan ("Loan") from Greenpoint Mortgage Funding Corporation ("Greenpoint"). (ECF No. 1 at ¶ 5; ECF No. 20 at 2.) The Loan is secured by a Deed of Trust ("DOT") encumbering the Property. (ECF No. 20 at 2.) In February 2012, Bloomfield entered into a loan modification agreement[2] ("the Agreement") with Aurora Bank ("Aurora"). (ECF No. 1 at ¶ 7.) In June 2012, Aurora dissolved. (ECF No. 1 at ¶ 9.) In January 2013, Plaintiffs received correspondence from a company demanding payment for the Loan. (ECF No. 1 at ¶ 10.) On September 12, 2013, U.S. Bank filed a complaint seeking the state court to appoint a receiver, and on November 26, 2013, the state court denied U.S. Bank's petition for appointment of receiver. (ECF No. 1 at ¶¶ 13-14; ECF No. 1 at 26 (Exhibit 4).) A second petition for appointment of receiver was denied in June 2016. (ECF No. 1 at ¶ 18.) On August 1, 2016, Sables mailed a Notice of Trustee 's Sale to Plaintiffs, with the sale set for August 29, 2016. (ECF No. 1 at ¶ 19.) Prior to removal, the state court granted a motion for temporary restraining order preventing the trustee's sale of the Property. (ECF No. 1 at 51.)

Plaintiffs assert four claims against Defendants: (1) failure to comply with NRS Chapter 107; (2) Plaintiffs' compliance with state court's orders; (3) Defendants' failure to demonstrate ownership of the promissory note ("the Note") and DOT; and (4) Defendants' breach of the Agreement. (ECF No. 1 at 10-11.)

///
///
///

---

[2] Defendants dispute whether this Agreement was a valid and binding contract; however, the state court found the existence of a loan modification agreement (ECF No. 1 at 33 (Exhibit 7)) in its order dated June 10, 2016.

### III. MOTION FOR SUMMARY JUDGMENT[3] (ECF No. 20)

Defendants contend that summary judgment should be granted in their favor because three of Plaintiffs' claims are not legally cognizable claims and because Plaintiffs cannot recover under their fourth claim given that they have failed to perform under the Agreement. (ECF No. 20 at 8-9.) The Court agrees and grants summary judgment in their favor.

#### A. Legal Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (internal citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving

///

///

---

[3]Plaintiffs contend that Defendants' Motion is untimely as the dispositive motions deadline was set for April 12, 2017 (ECF No. 18), and the Motion was electronically filed on April 13, 2017. (ECF No. 22 at 2.) Defendants' Motion was signed on April 12, 2017. While it was filed a day late, the Court will excuse the late filing because Plaintiffs had the opportunity to respond and have not claimed prejudice by the late filing.

party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citation omitted). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     First Claim:  Non-Compliance with NRS Chapter 107**

Plaintiffs' first claim states that "[i]n mailing a Notice of Trustee's Sale to Plaintiffs on August 1, 2016, Defendant's [sic] have not complied with the requirement of NRS Chapter 107" because they did not serve a required Affidavit and Notice of Default and Election to Sell. (ECF No. 1 at ¶¶ 20-21.)

While Defendants contend that non-compliance with NRS Chapter 107 is not a legally cognizable cause of action (ECF No. 20 at 8), Plaintiffs admit that the issues associated with this cause of action are moot. (ECF No. 22 at 4.) Therefore, the Court grants summary judgment in favor of Defendants as to Plaintiffs' first cause of action.

///

## C. Second Claim: Compliance with District Court Orders

Plaintiffs' second claim alleges that Plaintiffs "cannot be found to be in default under the terms of the original Promissory Note and Deed of Trust when, for the past three and one half (3½) years, they have been in compliance with all District Court Orders, including the Court ordered payment of $119,600.00 which was accepted by Defendants." (ECF No. 1 at ¶ 23.)

Defendants argue that this is not a legally cognizable claim. (ECF No. 20 at 8.) The Court agrees. It appears that Plaintiffs are asserting a defense and not a legally recognizable claim for relief.[4] Therefore, the Court grants summary judgment in favor of Defendants on this claim.

## D. Third Claim: Failure to Show Ownership of the Promissory Note and Deed of Trust

Plaintiffs allege that U.S. Bank is not the owner of the Note or DOT and that there was no proper assignment of the Note or DOT from Aurora Bank to U.S. Bank. (ECF No. 1 at ¶¶ 25-26.) Defendants argue that this is not a real cause of action. (ECF No. 20 at 9.) The Court agrees. Under Nevada law, Plaintiffs lack standing to bring suit challenging the validity of a loan assignment. *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014). Therefore, summary judgment is granted in favor of Defendants as to Plaintiffs' third claim.

## E. Fourth Claim: Breach of Loan Modification Agreement

Plaintiffs allege that Defendants have failed and refused to honor and comply with the Agreement. (ECF No. 1 at ¶ 29.)

Defendants argue that "assuming the Loan Modification is a valid and binding contract, Plaintiffs cannot recover damages because they have not performed under the Modification." (ECF No. 20 at 9.) Defendants further contend that under the terms of the

///

---

[4]This may constitute a defense if the state court's March 2016 directive instated a new loan agreement between the parties. (*See* ECF No. 1 at ¶ 17.) However, there is no evidence that the state court modified the terms of the Agreement.

Agreement, the Loan is still $413,035.09 in default because Bloomfield has not made a payment on the Loan since May 2012 outside of the state court's directed payments. (*Id.* at 8.) Plaintiffs do not dispute that they have not made any payments on the Loan since May 2012 outside of the court-directed payments; instead Plaintiffs provide an excerpt from the June 2016 state court order in which the court found that Bloomfield's breach of the Agreement in 2012 was excusable. (ECF No. 22 at 5.) This, however, does not concern the current status of the Loan or Bloomfield's failure to make payments subsequent to that state court order. Moreover, under Nevada law, where a plaintiff breaches a promissory note first by ceasing to make payments, the plaintiff cannot maintain an action against a defendant based on the defendant's failure to perform. *See Harfouche v. Wehbe*, No. 2:13-cv-00615-LDG-NJK, 2016 WL 1047354, at *2 (quoting *Bradley v. Nev.-Cal.-Or. Ry.*, 178 P. 906, 908-09 (Nev. 1919)) ("[T]he party who commits the first breach of the contract cannot maintain an action against the other for subsequent failure to perform.").

The Court therefore grants summary judgment in favor of Defendants as to Plaintiffs' fourth cause of action.

**IV.     MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 24)**

On August 24, 2017, Plaintiffs filed their TRO Motion requesting this Court prevent a trustee's sale scheduled for September 5, 2017. (ECF Nos. 24 & 24-3.) Because the Court has granted summary judgment in favor of Defendants, the TRO Motion is denied as moot.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 20) is granted.

It is further ordered that Plaintiffs' Motion for Temporary Restraining Order (ECF No. 24) is denied as moot.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 5th day of October 2017

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE